## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No.: 6:09 CR 1331-002HFF |
| | ) Honorable Henry F. Floyd |
| MIGUEL VALENCIA, | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT VALENCIA'S SENTENCING POSITION PAPER

The defendant, **MIGUEL VALENCIA,** by and through his attorney, **ROBERT L. RASCIA,** submits this sentencing position paper, pursuant to Rule 32 of the Federal Rules of Criminal Procedure and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).

**I.      Guideline Calculation.**

The presentence investigation concludes that the base offense level, pursuant to U.S.S.G. § 2D1.1, is 36, claiming the defendant is responsible for at least 50 kilograms of cocaine but less than 150 kilograms of cocaine. Based upon further review and discussion with Assistant United States Attorney William J. Watkins, Jr., the base offense level should be 34, pursuant to U.S.S.G . §2D1.1. The amount of cocaine the defendant is responsible for is more than 15 kilograms, but less than 50 kilograms. The defendant has satisfied the criteria for application of U.S.S.G. §2D1.1, resulting in a 3 level reduction. The total offense level would therefore be 31.

The criminal history computation, according to the presentence investigation report, results in 6 points. The defendant asserts that based on the November 1, 2010 amendments to U.S.S.G. § 4A1.1, one point should be eliminated, as the one point for committing the offense

1

within two years of release from custody has been eliminated by the November 1, 2010 amendment to U.S.S.G. § 4A1.1. The criminal history category of III would remain.

## II. Sufficient Sentence for this Defendant.

The sentencing guidelines have been made advisory and are no longer mandatory by the decision in United States v. Booker. 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). Booker requires the sentencing judge to begin the sentencing process by determining the applicable guideline range, but permits the judge, so long as he does not stray outside the statutory range, to sentence the defendant below or above the guideline range if the sentencing factors in the Sentencing Reform Act, 18 U.S.C. § 3553(a) warrant. United States v. Roberson, 474 F. 3d 432 (7th Cir. 2007). The defendant acknowledges that the advisory guideline sentence is presumptively reasonable. United States v. Mykytiuk, 415 F. 3d 606 (7th Cir. 2005). However this presumption has been held to apply only in the appellate court. "The sentencing court does not enjoy the benefit of a legal presumption that the guidelines sentence should apply." Rita v. United States, 551 U.S. 338, 351 (2007). See also Nelson v United States, 129 S.Ct. 890, 172 L.Ed. 2d 719 (2009), Gall v United States, 552 U.S. 38, 169 L.Ed.2d 445 (2007). This court should not presume it is the correct sentence. United States v. Brown, 450 F. 3d 76 (1st Cir. 2006).

As a result of Booker and its progeny, it is now well settled that sentencing courts are to treat the sentencing guidelines as but one factor to consider in fashioning a sentence that meets the statutory purposes set forth by congress in 18 U.S.C. § 3553(a). Thus, this court is no longer bound solely by the guidelines but must consider the factors outlined in § 3553(a). As long as this court considers all of the factors of § 3553(a), its "freedom to impose a reasonable sentence outside the range is unfettered." United States v. DeMaree, 459 F. 3d 791, 794 (7th

Cir. 2006).

Pursuant to 18 U.S.C. § 3553(a) the court must impose a sentence sufficient but not greater than necessary after considering the factors listed in § 3553(a). The factors include: (1) the nature of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense and promote respect for the law and afford adequate deterrence; (3) the kinds of sentences available; the kinds of sentence, and sentencing range established by the sentencing guidelines.

In Rita v. United States, the court confirmed that as to the sentencing court the guideline range is simply one of several factors listed in 18 U.S.C. § 3553 that must be considered in arriving at a just sentence, a sentence that is sufficient but not greater than necessary to meet the traditional purposes of criminal sentences. 551 U.S. 338, 127 S. Ct. 2456, 168 L. Ed. 2d 203 (2007). The district court's job is not to impose a "reasonable" sentence but to impose a sentence sufficient but not greater than necessary to comply with the purposes of section 3553(a)(2). United States v. Foreman, 436 F. 3d 638 (6th Cir. 2006). This language, also referred to as the "parsimony provision" of §3553(a), has become the "guidepost" for sentencing decisions post-Booker. United States v. Ferguson, 456 F. 3d 660 (6th Cir. 2006). A sentencing judge must make an independent determination of what sentence is sufficient, but not greater than necessary, to comply with the purposes of § 3553(a) taking into account the advisory guidelines range, the relevant § 3553(a) factors, and any other nonfrivolous arguments presented in support of a particular sentence. United States v. Wilms, 495 F. 3d 277 (6th Cir. 2007).

The defendant asserts that there are specific, compelling reasons in this case to consider whether a sentence below the guideline range is warranted here, as detailed below.

3

### III. Nature of the Offense.

The defendant entered a plea of guilty to count 1 of the superseding indictment in this matter, which charged him with conspiracy to possess with intent to distribute more than five kilograms of cocaine and 100 or more kilograms of marijuana. The charged co-conspirators included the defendant's mother, Maria Pedraza.

The charges against the defendant grew from the post-arrest investigation of Braulio Velasquez. Velasquez delivered two kilograms of cocaine to a confidential source in South Carolina. Through the use of various cooperating sources, including Velasquez, Valencia was identified as a member of Pedraza's drug trafficking organization. Pedraza, known as "Marissa" appears to be the head of the distribution network.

Valencia himself actively distributed cocaine, including making the arrangements for the October 20, 2009 transaction. Numerous other transactions were conducted by Pedraza, the defendant's mother, as evidenced by the distribution of cocaine by Pedraza while this defendant was incarcerated in Georgia on an unrelated case. The customers serviced by the defendant were drug customers cultivated by Pedraza. Pedraza introduced the defendant to these customers, who then dealt directly with the defendant.

The defendant's position in the Pedraza drug trafficking organization was subordinate to Pedraza, but he is not asserting that a mitigating role adjustment should be applied pursuant to U.S.S.G. § 3B1.2. As a consideration for sentencing purposes the defendant merely notes that as the offense level in a drug case is greatly driven by the amount of the drugs involved, the fact that the defendant's mother orchestrated many of the transactions is worthy of this court's consideration.

## IV. Defendant's Personal History.

The defendant is a 22 year old United States citizen, born in California, raised by his mother, Maria Pedraza. The defendant's father left the family unit when the defendant was about a year old. The defendant has had no contact with his father, Sergio Flores, since that event. The defendant has been in a serious relationship with Sabryna Wright, the mother of his two children. Recently, the defendant has lost communication with Ms. Wright. The children are with her.

The defendant completed his high school education while living in Illinois, attending boarding school type program in Central Illinois. The defendant graduated in December, 2005.

The defendant, now only five years removed from his high school graduation appears for sentencing in a matter that has an advisory guideline sentencing range of 135 to 168 months, with a mandatory minimum sentence of 120 months.

The defendant's lack of maturity has contributed to his involvement in criminal activity, highlighted by the fact his custodial parent engaged in drug trafficking. The defendant, not strong willed enough or mature enough to make an independent choice to stay out of the drug business was pushed back in by his own mother.

The defendant's criminal history computation is also increased by the timing of the conviction in this matter. Two of the criminal history points are due the defendant engaging in the offense conduct while on probation. The sentence increases by 14 months, at the low end of the guideline range, between a category II (3 points) and a category III (5 points).

The defendant asserts that his age, family circumstances, and lack of maturity are appropriate considerations in determining a sufficient sentence for this defendant.

## V. Need for Sentence Imposed.

The offense of conviction requires the imposition of a mandatory minimum sentence of 120 months. The advisory guideline range is 135 to 168 months.

The defendant, now age 22, has admitted his involvement in the offense, the first step in his rehabilitation. The substantial minimum sentence is such that it will likely deter any possible future misconduct by the defendant. The defendant respectfully urges this court to consider imposing the minimum sentence of 120 months to allow the defendant an opportunity to integrate himself into society in a productive manner as soon as possible.

## VI. Conclusion.

For the reasons stated herein the defendant respectfully prays for this Honorable Court to impose a sentence of 120 months.

Respectfully Submitted,

S/Robert L. Rascia/November 15, 2010
**ROBERT L. RASCIA, ARDC No. 6184470**
Attorney for the Defendant
Rascia & DeCastro, Ltd.
650 N. Dearborn/Suite 700
Chicago, IL 60654
312-994-9100 Office
312-994-9105 Fax
rrascia@rascia-decastro.com; Email
ysierra@rascia-decastro.com; Secondary Email

**CERTIFICATE OF SERVICE**

I, ROBERT L. RASCIA, deposes and states that I have served a copy of the Defendant Valencia's Sentencing Position Paper to Assistant United States Attorney, William J. Watkins, Jr., and Natasha G. Gilliam, United States Probation Officer, VIA ELECTRONICALLY FILING on this 15th day of November, 2010.

S/Robert L. Rascia/November 15, 2010
**ROBERT L. RASCIA, ARDC No. 6184470**
Attorney for the Defendant
Rascia & DeCastro, Ltd.
650 N. Dearborn/Suite 700
Chicago, IL 60654
312-994-9100 Office
312-994-9105 Fax
rrascia@rascia-decastro.com; Email
ysierra@rascia-decastro.com; Secondary Email